AMOS FISK and another *vs.* MARY ANNAH WILLIAMS.

Knox. Opinion May 29, 1883.

*Bond for a deed. Action. Premature suit. Tender. Performance.*

The obligees in a bond for the conveyance of real estate upon the payment of a certain sum of money, and all taxes thereafter legally assessed on the property, demanded of the obligor a deed of general warranty to one of the obligees and the assignee of the other obligee. The assignment was not read to the obligor, (though it was contended that she had knowledge of it) nor was any information given her as to the assessment and payment of the taxes since the date of the bond. The payments required by the bond had been made, but the taxes for the last two years were not fully paid. Three days after making the demand, suit was commenced on the bond. The possession and occupation by the obligees and assignee were never interfered with, and forty-nine days after the demand, the obligor executed and tendered a deed. *Held;*

1. That three days was not a reasonable time to give the obligor in which to investigate and determine the fact of the assignment and the legality of the assessment of the taxes and their payment.

2. That the action was prematurely commenced.

3. That the tender of the deed was a good performance by the obligor of the condition of the bond.

ON EXCEPTIONS and motion.

Debt on a bond for the conveyance of real estate. Writ dated June 4, 1877. The verdict was for the plaintiffs in the sum of $1883.44, and the following special findings were returned by the jury.

"*Question.* Did the plaintiffs inform the defendant of the assignment from Fisk to Charles M. Hayden and exhibit it to her when they demanded the deed by Mr. White in April or on the first day of June, 1877?

"*Answer.* Yes. (Signed) Warren K. Sampson, Foreman."

"*Question.* Had the defendant knowledge of said assignment from Fisk to Charles M. Hayden before the demand of the deed June 1, 1877.

"*Answer.* Yes. (Signed) Warren K. Sampson, Foreman."

Other material facts stated in the opinion.

*C. E. Littlefield,* for the plaintiffs.

The first special finding was immaterial and could not have affected the result. It is not necessary to inquire whether or not it was against the weight of evidence. *Warren* v. *Williams,* 52 Maine, 343.

The motion to set aside the verdict cannot be sustained. *Beal* v. *Cunningham,* 42 Maine, 362; *Elliott* v. *Grant,* 59 Maine, 418; *Enfield* v. *Buswell,* 62 Maine, 128; *Handley* v. *Call,* 27 Maine, 35; *Stephenson* v. *Thayer,* 63 Maine, 146.

Exceptions do not lie to the refusal to order a nonsuit, or to instruct the jury to return a verdict for defendant, after the case is closed. *Stephenson* v. *Piscataqua F. & M. Ins. Co.* 54 Maine, 55; *Boody* v. *Goddard,* 57 Maine, 602; *Carleton* v. *Lewis,* 67 Maine, 76.

At the trial the exceptions state that the defendant contended for six other propositions: (1.) That the plaintiffs should have informed the defendant as to taxes assessed. (2.) That she was not bound to execute a deed with general covenants of warranty. (3.) That the bond only required her to execute a deed to the persons named in the bond. (4.) That a reasonable time had not elapsed after the demand, before the action was commenced. (5.) That a reasonable time was a question of

fact for the jury. (6.) That the taxes assessed were valid in law, and the exceptions state that these several propositions were overruled. But overruling what counsel contend for, is no ground of exceptions. He should have preferred requests for instructions. *State* v. *Straw*, 33 Maine, 556; *Stowell* v. *Goodenow*, 31 Maine, 538; *Rogers* v. *K. & P. R. R. Co.* 38 Maine, 227; *Purrington* v. *Pierce*, 38 Maine, 447; *Stone* v. *Redman*, 38 Maine, 578; *Willey* v. *Belfast*, 61 Maine, 569.

What is a reasonable time is a question of law. *Attwood* v. *Clark*, 2 Maine, 249; *Kingsley* v. *Wallis*, 14 Maine, 57; *Howe* v. *Huntington*, 15 Maine, 350; *Hill* v. *Hobart*, 16 Maine, 164.

The case shows that the defendant had ample time within which to comply with the demand, or to make performance of her bond. The parties and the premises were located within five miles of the defendant. She was then living with her husband, from whom she could have learned all the facts. She says she knew a deed was demanded in March, sixty days before the action was brought, and during all that time she testifies she did absolutely nothing towards investigating. The demand in March was good and making another June 1, was no waiver of the first. *Hill* v. *Hobart, supra; Hunt* v. *Hotchkiss*, 64 Maine, 242; Story, Agency, § § 140, 140 a.

Counsel further elaborately and ably argued the questions arising as to the form of the deed to which the plaintiffs were entitled and the questions pertaining to the assessment of taxes and kindred subjects, citing: *Dinsmore* v. *Savage*, 68 Maine, 191; *Lathrop* v. *Grosvenor*, 10 Gray, 52; R. S., c. 3, § 8; c. 6, § 114; *Limerick* v. *Petitioners*, 18 Maine, 183; *Milliken* v. *Bailey*, 61 Maine, 316; *Porter* v. *Haskell*, 11 Maine, 177; *Russell* v. *Copeland*, 30 Maine, 333; *Foye* v. *Southard*, 64 Maine, 389; 1 Greenl. Ev. § 601; *Adams* v. *McFarlane*, 65 Maine, 152; *Allum* v. *Perry*, 68 Maine, 234; *Congregation, &c.* v. *Halladay*, 50 N. Y. 664; *Blewett* v. *Baker*, 58 N. Y. 611; *Gregg* v. *VonPhul*, 1 Wall. 274.

*A. P. Gould,* for the defendant, cited: *Hill* v. *Hobart*, 16 Maine, 164; *Winslow* v. *Copeland*, 15 Maine, 276; *Simpson*

v. *Pease*, 53 Maine, 497; 1 Chitty's Pl. (8 Ed.) 322; *Hobbs* v. *Clements*, 32 Maine, 67; R. S., c. 6, § 28; *Brown* v. *Veazie*, 25 Maine, 359; *Nowell* v. *Tripp;* 61 Maine, 426; R. S., c. 6, § 114; *Carville* v. *Additon*, 62 Maine, 459; Dillon, Mun. Corp. § 751, note and cases cited; *Oberich* v. *Gilman*, 31 Wis. 495; *Wright.* v. *Boston*, 9 Cush. 233; *Tobey.* v. *Wareham*, 2 Allen, 594; *Lincoln* v. *Worcester*, 8 Cush. 57; *Williams* v. *Hilton*, 35 Maine, 547; *Stetson* v. *Day*, 51 Maine, 434; Sugden on Vendors, 261; *Fairbanks* v. *Dow*, 6 N. H. 266; *Hudson* v. *Swift*, 20 Johns. 24; *Gazley* v. *Price*, 16 Johns. 267; *Tinney* v. *Ashley*, 15 Pick. 546; *Russell* v. *Copeland*, 30 Maine, 332; Benj. Sales, § 683; *Cocker* v. *Franklin Co.* 3 Sum. 530; *Howe* v. *Huntington*, 15 Maine, 354;

LIBBEY, J. This action is upon a bond given by the defendant to the plaintiffs in the penal sum of two thousand dollars, dated October 1, 1872. The condition of the bond recites an agreement for the sale of a certain lot of land described therein, by the defendant to the plaintiffs, for the sum of two thousand dollars, and an agreement by the plaintiffs, their executors and administrators, to pay to the defendant, her executors, administrators or assigns, the said sum of two thousand dollars, as follows: Eight hundred dollars cash on delivery of the bond, three hundred dollars in one year, three hundred dollars in two years, three hundred dollars in three years, three hundred dollars in four years, with interest at the rate of seven and three-tenths per cent. "and all taxes legally assessed thereon after the (then) present year. Now, therefore, if the said Mary Annah Williams shall deliver unto the said Amos Fisk and Sarah P. Dow, a good and sufficient deed of warranty of said premises, the said Fisk and Sarah P. Dow making demand for the same and fulfilling all the conditions herein stipulated, then this obligation to be void. "

On the second day of June, 1873, said Fisk assigned his interest in the bond to Charles M. Hayden, by an assignment upon the back of the bond. One of the objections to the maintenance, of the action raised and insisted upon at the trial,

was that the action was prematurely brought; that a reasonable time had not elapsed after the demand, if a legal demand had been made, to enable the defendant to investigate the facts and inform herself of her rights and duties and to prepare and tender such a deed as she was required to execute. There was evidence introduced by the plaintiffs, tending to show that a demand was made upon or shortly prior to the eleventh day of April, 1877, and also upon the first day of June of the same year. The action was brought on the fourth day of June. Upon this point, the presiding judge instructed the jury as follows : "Another objection raised, is that the action was prematurely brought. It is claimed that there was no such demand as the law would require, prior to the first day of June, 1877, and that the defendant had not a reasonable time within which to investigate and ascertain her legal rights, and determine whether she was legally required to execute the deed or not. The facts being undisputed in the evidence, it is my duty to rule as matter of law upon this question ; and I instruct you that the action was not prematurely brought; and if, under the rules I shall give you in this case, there was a proper and legal demand made, either in April when White went to get the deed executed, or on the first day of June when Mr. Hayden and Mr. Littlefield went for that purpose, and the action was brought on the fourth day of June following, it was not prematurely brought, but may be maintained."

What is a reasonable time within which a party is required to perform a certain act, must be determined in every case, from the facts disclosed and all the surrounding circumstances. If the facts and circumstances are in controversy between the parties, the question is generally one for the jury under appropriate instructions by the court ; but if the facts are not in controversy, or the evidence relied upon by the person whose duty it is to do the act, if true, would not authorize the jury to find in his favor, then it is the duty of the court to determine the question as matter of law.

A report of all the evidence in the case, is made a part of the exceptions, and from a careful examination of the testimony, we

think the judge was in error in assuming that all the facts and circumstances which should be found and considered in determining this question, were undisputed by the parties; and if the facts and circumstances which the evidence introduced and relied upon by the defendant, if true, fairly tends to prove, taken in connection with the undisputed facts and circumstances, show that a reasonable time had not elapsed when the action was commenced, the ruling of the judge must be held to be erroneous.

The ruling of the presiding judge upon this point, was based upon the hypothesis that the jury might find that the only sufficient demand made by the plaintiffs, was that made on the first day of June. The action was commenced three days after. The uncontroverted facts to be considered in determining the reasonable time of performance by the defendant as disclosed by the evidence, are as follows: The condition of the bond recites an agreement by the plaintiffs to pay all taxes legally assessed upon the premises after the year in which it was given, (1872,) and imposes upon the defendant the duty of performance on her part on demand by the plaintiffs, Fisk and Dow, and the performance by them, of their agreement to pay the taxes as well as the consideration to be paid for the lands. The plaintiffs went into possession of the premises immediately after the bond was given, and remained in possesion, having the use and income thereof, to the time of demand and for some time thereafter. They had made material changes in the house upon the premises, affecting its value; Fisk had assigned his interest in the bond to Hayden; the premises had been taxed every year after the giving of the bond; the taxes for 1877, and eight dollars and eighty-seven cents of the tax of 1876 were unpaid. The demand made upon the defendant was that she should execute the deed to Dow and Hayden, and not to Fisk and Dow, prepared and presented to her by the attorney of the plaintiffs, which contained covenants of general warranty, and among them, one that the premises were free of all incumbrances. It required her to covenant against a lien upon the premises, created by the legal assessment of a tax thereon, prior to that time. The plaintiffs gave her no information whatever in regard to the assessment or

payment of the taxes. The assignment of the bond had not been recorded and it was not read to her. Whether she knew of the assignment before that time or not, was a fact in controversy. She claimed and testified positively that she did not know it until some time after; that at the time the demand was made, she was not informed of the assignment. She also testified that at the time the demand was made, after some conversation in regard to the matter, she said to the parties making the demand, that she did not know what to do, and requested them to go to Mr. Gould, who was her attorney; she also testified that the deed was not read to her. She was a woman but little acquainted with business affairs. She was entitled to a reasonable time in which to investigate the facts connected with the claim of Hayden to a deed, and whether the plaintiffs had fully performed their agreements specified in the condition of the bond. Fisk was not present, admitting Hayden's right to the deed. She was entitled to a reasonable time in which to ascertain whether Fisk had made a genuine assignment to Hayden, and if so, whether she was legally required to execute the deed on demand by Dow and Hayden, and could safely do so as against a claim by Fisk. If she could be required to covenant against an incumbrance created by the legal assessment of a tax upon the premises, before doing so she had a right to a reasonable time in which to ascertain whether taxes had been legally assessed, and if so, whether they had been paid. To inform herself upon these questions so that she might safely act and execute a deed in conformity to the condition of her bond, it would be necessary and proper that she should consult good legal counsel. Taking into consideration the fact that the plaintiffs were in the undisturbed possession of the premises, and had no occasion for immediate action on the part of the defendant, and that she did not deny their right to a deed, we think it clear that three days was not a reasonable time for performance of the condition of her bond by the defendant, and that this action was prematurely brought.

But it is claimed by the counsel for the plaintiffs that the defendant is not aggrieved by the instruction under consideration,

so far as it relates to the demand on the first of June, because, he says, there was a previous demand in April. We think this position untenable. The evidence does not disclose a sufficient demand upon the defendant in April. It comes from the witness White and the defendant. Upon this point White testified that at the request of William Hayden, the father of Charles M. Hayden, he went to the defendant and informed her that he had drawn a deed running from her to Hayden and Dow, and had come to witness her signature and take the acknowledgment of it; that she declined, saying she was not ready to sign it. It does not appear from his testimony that he informed her what authority he had for requesting her to sign the deed, nor for whom he was acting. He did not inform her of the assignment of the bond by Fisk to Hayden, made no explanation to her why she was required to execute the deed to Hayden, and it does not appear that he had the bond with him on that occasion. He gave her no information whatever in regard to the assessment of taxes or their payment. Neither Dow, Fisk nor Hayden was present. The defendant testified that Mr. White called on her for a deed; that he said he had called with a deed of the house at South Thomaston for her to sign; that she did not see the deed; that he merely said he came up for her to sign a deed of the property; that he did not say to whom, and she did not know to whom. We think that this evidence does not prove a sufficient demand.

The case shows that the defendant on the twentieth of July, 1877, tendered to Dow and Hayden, the plaintiffs in interest, a good and sufficient deed of warranty of the premises as required by the condition of her bond. It is not inappropriate for us to remark upon the legal effect of that tender. Neither the time of payment of the purchase money, nor the tender of the deed was of the essence of the contract. The last payment of the purchase money, due on the first day of October, 1876, amounting to three hundred and eighty-four dollars and twenty-five cents, was not in fact paid till the eighth day of March, 1877. Still the plaintiffs' rights were not forfeited by the delay. The plaintiffs remained in possession of the premises till after the twentieth of July, taking the rents and profits under the contract

of purchase. They had made material changes in the house, affecting its value. The defendant had not in any way interfered with their possession or denied their right to a deed. Their interests had in no manner been impaired, by the delay. The only suggestion of loss to the plaintiffs is, the costs of their writ, prematurely commenced. We think the tender of a deed at that time was a good performance by the defendant of the condition of the bond in suit.

*Exceptions sustained.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.